PEOPLE, PLAINTIFF AND APPELLEE, *v.* MEDINA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Assault and Battery.

No. 2055.—Decided June 28, 1923.

EVIDENCE—HUSBAND AND WIFE.—In this case the husband, charged with assault and battery upon the person of his mother-in-law, objected to the calling of his wife as a government witness to testify against him. *Held:* That under such circumstances it was manifest error to admit the testimony of the wife.

ID.—ID.—PROSECUTING WITNESS.—From the fact that the court found it necessary to call the prosecuting witness to order because of her manner of testifying in a loud voice, and that her testimony conflicted with that of other witnesses for the prosecution, it does not necessarily follow that her testimony could not serve as a basis for the judgment, if it merited the credit of the court.

ID.—ID.—NEW TRIAL.—In view of the error committed by the court in admitting the testimony of the wife of the defendant and of the fact that the said evidence may have influenced the judgment of conviction, a new trial was ordered.

The facts are stated in the opinion.

*Mr. A. Aponte, Jr.,* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Saturnino Medina was charged with assault and battery upon Norberta Arroyo. The following incident took place at the trial.

"When Mercedes Pérez, the wife of the defendant, was called as a witness counsel for the defendant objected to her being ex-

amined by the district attorney on the ground that she could not testify in the case without the express consent of her husband or of his attorney and they refused such consent.

"The district attorney and the defendant's attorney argued this matter and the court admitted the testimony, to which ruling the defendant took an exception."

The testimony of the witness was in fact adverse to the defendant, her husband, and at its close the defendant's attorney said:

"Your Honor, we want to give the court a last opportunity and we move to strike out the testimony of this witness and that it be not considered as evidence, because it is in open opposition to the Law of Evidence which does not allow one spouse to testify against the other without the consent of the other."

The court overruled this motion and the defendant took an exception.

After the trial the defendant was found guilty of simple assault and battery and sentenced to pay a fine of $25. He appealed to this court.

The appellant insists that the court erred in admitting the testimony of his wife. In our opinion he is right. The law and the jurisprudence are clear, positive and persuasive.

Cyc. sums up the jurisprudence as follows:

"At common law and under some statutes husband and wife are incompetent as witnesses for or against each other in either civil or criminal proceedings; but (this rule has been very considerably modified by statutes making husband and wife competent for or against each other in some, although not in all cases, and in a few states the relationship of husband and wife has no effect on the competency of a witness, except as respects confidential communications. The common-law rule still obtains, however, except as modified or abrogated by express statute, and as the disqualification is based upon public policy as well as interest in the event of the suit, statutes removing merely the disqualification arising from interest do not remove the disqualification arising from the relation of husband and wife. Nor does a statute permitting a

person accused of crime to testify in his own behalf render the
husband or wife of such a person a competent witness. Conversely
a statute rendering husband and wife competent does not qualify a
witness who is incompetent on grounds other than the existence of
the marital relation. This matter is at the present time regulated
entirely by statutes, which vary widely in different jurisdictions,
and such statutes must be looked to in order to determine the pres-
ent law of any particular state and the applicability of any par-
ticular principle therein.'' 40 Cyc. 2210–13.

The law in Porto Rico is contained in section 40 of the
Law of Evidence which, in so far as pertinent, is as follows:

''A person can not be examined as a witness in the following
cases:

''1.—A husband can not be examined for or against his wife
without her consent; nor a wife for or against her husband with-
out his consent; * * * but this provision does not apply to a
civil action or proceeding by one against the other, nor to a criminal
action or proceeding for a crime committed by one against the
other.''

Here, therefore, the prohibition is not absolute. If the
consent is given the statutory prohibition disappears. But
when it was not only not given, but expressly refused, we
do not understand how the court admitted the testimony
offered by the district attorney.

Greenleaf says:

''It is essential to the happiness of social life that the confidence
subsisting between husband and wife should be sacredly protected
and cherished in its most unlimited extent; and to break down
or impair the great principles which protect the sanctities of that
relation would be to destroy the best solace of human existence.''
1 Greenleaf on Evidence, 495-6.

The other error assigned by the defendant-appellant in
moving not only for the reversal of the judgment but also
for his acquittal does not exist, in our opinion.

The appellant maintains that the testimony of the
alleged victim is not worthy of entire credit because the

court found it necessary to call the witness to order because of her manner of testifying and because her testimony was contradicted by that of the other witnesses for the government.

It appears from the record that the court called the attention of the witness to her manner of testifying in a loud voice. This in no way destroys the credit that her testimony may have merited. The conflict that might be observed between the testimony of Arzón and Meléndez and the testimony of the alleged victim was for the trial court to adjust. The mere existence of such a conflict is no ground for concluding that the testimony of the alleged victim, Norberta Arroyo, was not worthy of full credit and, therefore, can not serve as a basis for a judgment of conviction.

By virtue of all of the foregoing the judgment appealed from is reversed and a new trial is ordered.

*Reversed and remanded.*

Justices Aldrey, Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.